# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6999 | **DATE** | 12/20/00 |
| **CASE TITLE** | National Satellite, Inc. v. My Firends Place | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. The entire Response to Complaint is stricken. Leave is granted to file a self-contained amended pleading on or before January 4, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | 5 |
| ✓ | Notices mailed by judge's staff. | | 12/21/00 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | C.S. | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/28/2000 | |
| SN | courtroom deputy's initials | FOR DOCKETING  DEC 20 FM 3:14 | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

DEC 2 1 2000

NATIONAL SATELLITE, INC.,    )
    )
        Plaintiff,    )
    )
    v.    )    No.  00 C 6999
    )
MY FRIENDS PLACE, et al.,    )
    )
        Defendants.    )

<u>MEMORANDUM ORDER</u>

Counsel for defendant Joyce Cryer ("Cryer") has filed what
purports to be a responsive pleading in this action in which
National Satellite, Inc. charges the piracy by her and co-
defendant Billy Cryer (her husband?) of a closed-circuit telecast
of a prize fight so that it was viewed in a bar owned by Cryers.
This memorandum order is issued sua sponte, primarily (though not
exclusively) because Cryer's counsel has failed to comply with
the basic and unambiguous directive of the second sentence of
Fed. R. Civ. P. ("Rule") 8(b).

Because Rule 8(b) requires a defendant to respond to every
allegation (referred to there as "averment") advanced by a
plaintiff, the Rule's second sentence has been tailored to allow
a deemed denial of allegations that the responding party can
neither admit nor deny in the objective good faith that is
demanded of every pleader by Rule 11. But what the pleader must
represent to get the benefit of such a deemed denial is a
demanding requirement: It is necessary for the pleader to

5

disclaim the existence of enough <u>information</u> to form a <u>belief</u> as to plaintiff's allegations.[1]  Yet all that Cryer's counsel has inserted in a host of places (Response ¶¶4 and 6-12) is this:

> Defendant does not have enough information to either deny or admit the allegations in paragraph --.

That simply does not do the job.  And to make matters worse, among the thus unanswered paragraphs of the Complaint are a number as to which there has to be serious doubt that the Rule 8(b) disclaimer standard could be met in any event.

Accordingly the entire Response to Complaint is stricken (this has been done so that Cryer will file a self-contained responsive pleading, rather than creating the patchwork product that would result if only the tainted paragraphs were stricken).  And because Cryer's counsel must return to the drawing board in any event, her attention is also called to this District Court's LR 10.1, which requires every responsive pleading to include a "concise summary" of every complaint allegation together with the response (a requirement that is obviously aimed at enabling the reader to know exactly what is being placed in issue and what is not, without the need to go back to two pleadings rather than

---

[1]  It is also necessary to disclaim enough <u>knowledge</u> to form a belief, but that requirement is obviously more readily satisfied than the absence of sufficient information for that purpose.

one.[2] That amended and self-contained pleading must be filed in this Court's chambers on or before January 4, 2001, together with a copy of counsel's letter to her client (for information, not for filing) to advise that no charge is to be made to Cryer for the added work and expense incurred in correcting counsel's errors.

_____
Milton I. Shadur
Senior United States District Judge

Date:   December 20, 2000

_____

[2]   Most often counsel comply with that requirement by repeating a complaint's paragraphs verbatim, each then followed by defendant's response.